IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANK B. FOX | § | |
| | § | |
| V. | § | A-08-CA-368 SS |
| | § | |
| BOARD OF REGENTS, TEXAS STATE | § | |
| UNIVERSITY SAN MARCOS | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis,* filed on May 6, 2008 (Clerk's Doc. No. 1).  The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After considering Plaintiff's financial affidavit, the Court finds that Plaintiff is indigent and should therefore be granted *in forma pauperis* ("IFP") status.  However, before ordering that Plaintiff's Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1) and before ordering the Clerk to issue summons, the Court must perform a frivolous review.

**II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW**

Because Plaintiff has been granted leave to proceed IFP, the Court is required by standing order to review the Complaint for frivolousness under 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action

or appeal is frivolous . . . ." 28 U.S.C. § 1915(e)(2). "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). Courts may appropriately dismiss IFP actions as frivolous when they "seek to relitigate claims which allege substantially the same facts arising out of a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). "Res judicata bars all claims that were brought *or* could have been brought based on the operative factual nucleus." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 n.1 (5th Cir. 2000) (emphasis in original). IFP status does not permit a plaintiff to avoid res judicata rules. *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993).

This case is the second attempt by Plaintiff to seek redress for the events surrounding his termination from Texas State University - San Marcos ("TSU'). Plaintiff initially filed suit in this Court against TSU and TSU employees Joan Heath, Van Wyatt, and Denise Trauth ("Fox I"). *See* Complaint, filed in *Fox v. Heath*; Cause No. A-07-CA-234. In Fox I, Plaintiff alleged TSU did not deal with his separation in a legal or professional manner. Specifically, he alleged TSU was negligent in training its employees and in handling his sexual harassment claim, discriminated against him, terminated him in retaliation for filing a sexual harassment claim, failed to comply with its own policies and procedures, and failed to comply with the Texas Labor Code. *Id.* at ¶¶ 5-10. The District Court dismissed all of Plaintiff's causes of action, except his Title VII claim against TSU and his claims against Heath, Wyatt, and Trauth in their individual capacities, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* July 10, 2007 Order, filed in *Fox v. Heath*; Cause No.

A-07-CA-234.  Subsequently, the District Court dismissed Plaintiff's remaining Title VII and individual capacity claims on summary judgment.  *See* April 28, 2008 Order, filed in *Fox v. Heath*; Cause No. A-07-CA-234.  After filing three post-judgment motions in Fox I, Plaintiff filed the present case against the Board of Regents of TSU on May 6, 2008 ("Fox II").  In his Complaint, Plaintiff alleges Defendant discriminated against him in violation of Title VII, violated its own policies, was negligent with respect to its responsibilities, failed to comply with the Texas Labor Code, and committed fraud, forgery, and perjury in connection Fox I.

A review of the claims alleged in Fox I and Fox II reveals that they all arise from the same nucleus of operative facts.  The claims alleged in Fox II were brought or could have been brought in Fox I.  In addition, while Plaintiff's Complaint in Fox I does not specifically identify fraud, forgery, and perjury, he concedes in his Complaint in Fox II that these issues were raised.  *See* Complaint at ¶ 10.  Moreover, the fact that Plaintiff's claims in this case are against the TSU Board of Regents rather that TSU is of no consequence.  The TSU Board of Regents manages and controls TSU.  *See* TEX. EDUC. CODE § 96.41.  Accordingly, they are one and the same.  *Cf. Walsh v. Univ. of Tex.*, 169 S.W.2d 993, 993 (Tex. Civ. App.–El Paso 1942, writ ref'd) (explaining that a university and its board of regents are both "institutions of the State, and neither has any existence independent of the State").  Because Plaintiff seeks to relitigate claims alleging substantially the same facts arising out of a common series of events, which have already been unsuccessfully litigated, his Complaint should be dismissed as frivolous.

### III.  RECOMMENDATION

For the foregoing reasons, the Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint  pursuant to 28 U.S.C. § 1915(e)(2).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of August, 2008.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE